**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISON**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Cause No. EP:22-CR-229-KC-2** |
| | § | |
| **PAOLA CONNELLY,** | § | |
| **Defendant.** | § | |

## UNITED STATES' RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO SEVER

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files its response to Defendant's Motion to Suppress Evidence. As articulated below, the defendant has failed to establish a showing of specific and compelling prejudice if a joint trail were to proceed. Accordingly, the motion to sever should be denied.

### I.     Factual Basis and Procedural Posture

On December 28, 2021, at approximately 9:18am, El Paso Police Department (EPPD) patrol officers were dispatched to a residence in El Paso, Texas, based on a 911 call. The dispatcher advised the EPPD responding officers that there was a conflict between John Connelly (hereinafter co-defendant), and the victim. The dispatcher advised that co-defendant was threatening the victim with a machete, demanding the victim to apologize to co-defendant's wife, the defendant, Paola CONNELLY.

At 9:26m, the victim called 911 again and advised that co-defendant was at his front door with a shotgun. A loud bang was heard, and then co-defendant yelled, "HE JUST SHOT THE FUCKIN' DOOR IN" followed by more loud bangs. When officers arrived, they heard several shots and observed co-defendant with a shotgun (Mossberg, 12 gauge shotgun, Serial Number V1237779) firing at the victim's front door. The officers advised they observed the last muzzle

flash, but their view of the door was blocked. Officers ordered co-defendant to drop the firearm and he complied and dropped the shotgun. co-defendant then tried to make it back to his residence, but was taken into custody at his front door.

Co-defendant was found in possession of a second firearm (Glock 19, Serial Number BKZX116) during the initial pat-down. Officers conducted a safety sweep of the residence because they believed that the defendant, who may have been involved in the incident, was inside the residence.

EPPD officers met with the victim who advised that he and co-defendant were both veterans and that although they are neighbors, they had only been speaking for approximately two weeks. The victim was later interviewed by ATF Special Agents. The victim admitted that he had previously done cocaine with co-defendant approximately three days before the incident. He further admitted that he believed co-defendant had ingested "mushrooms" on the night of December 27th.

During the sweep of the residence, officers detected the strong order of marihuana throughout the residence. The officers observed what appeared to be a homemade marihuana greenhouse inside the residence which consisted of a plastic enclosed area with pots inside and possible a ventilation unit attached to it. The firearms and ammunition were not secured and were found throughout the residence in common areas where both co-defendant and defendant had access.

A search warrant was obtained for the residence. ATF and EPPD executed search warrants on the CONNELLY residence and located numerous items of drug paraphernalia to include: rolling papers, several empty Tetrahydrocannabinol (THC) extract packages throughout the residence for "wax" and "crumble", baggies and jars with marihuana residue throughout the

residence, vape pen, glass pipe, water bongs and a grinder all with marihuana residue. Investigators also located a total of 1.2 grams of marihuana found in different containers in different parts of the house, 27.74 grams of THC edible in the master found in the master bedroom, prescription medication in a baggy, .21 grams of marihuana extract (crumble), and 37.74 gram of suspected psylocibin.

During the execution of the search warrant, ATF located and seized six firearms in the master bedroom and one in the living room area, as well as large amounts of ammunition. There was a pistol located between the mattress and nightstand on what appeared to be defendant's side of the bed next to several items of drug paraphernalia and controlled substances which were located under the bed and in and on the nightstand. The remaining firearms were spread throughout the master bedroom, mostly on co-defendant's side of room, with the exception of one firearm which was locked in a safe in the master bedroom. A trace of the firearms reveals that the bulk were registered to the defendant.

The defendant was interviewed by EPPD. She advised that there was an argument between herself and her husband, John, over his drug use with their neighbor. The defendant stated that the co-defendant told her that the victim gave him drugs and he took the drugs. The defendant said she believed the drugs were crack cocaine.

When asked about drugs within the residence, the defendant advised "If weed is drugs, that's it" referring to possible drugs located in their residence. The defendant said the co-defendant uses marihuana and that he smoked marihuana a couple days prior. The defendant also said she uses marihuana on a regularly basis to sleep at night and to help her with anxiety.

On March 2, 2022, the defendant, Paola CONNELLY, and the co-defendant, John Connelly, were indicted by a grand jury sitting in the Western District of Texas, in a two-count

indictment.  Now before the Court is the defendant's motion to sever.

## II.     Argument

 Pursuant to Fed.R.Crim.P. Rule 14(a), a severance of offenses or defendants for trial can be granted upon a showing of prejudice.  However, severances are strongly disfavored by both the Supreme Court and the Fifth Circuit.  Joint trials are preferred in the federal system for those defendants who have been indicted in the same indictment.  These joint trials are vital to the criminal justice system.  *See Zafiro v. United States*, 506 U.S. 534 (1993); *see also Richardson v. Marsh*, 481 U.S. 200 (1987).  Federal Rule of Criminal Procedure 8(b), states that defendants are properly indicted together, if, "[t]hey are alleged to have participated in the same act of transaction, in the same series of acts or transactions constituting an offense or offenses.  The defendant may be charged in one or more counts together or separately.  All defendants need not be charged in each count."  Joint trials promote judicial economy and assist in avoiding the potential for inconsistent verdicts.

Therefore, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt." *Zafiro*, 506 U.S. at 539. To obtain severance, the defendant must show a specific and compelling prejudice from a joint trial. *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986). Compelling prejudice is not shown if it appears that, through use of cautionary instructions, the jury could reasonably separate the evidence and render impartial verdicts as to each defendant. *See United States v. Bolts*, 558 F.2d 316, 322–23 (5th Cir.1977), *cert. denied*, 439 U.S. 898 (1978).

Here, the defendant and co-defendant are properly joined in a single indictment. As the defendant concedes, the crimes charged relate to the same firearms, at the same location, on the

same date. For the sake of judicial economy, a joint trial is strongly preferred. The defendant has failed to show a compelling prejudice from a joint trial.

First, the defendant argues that she will be prejudiced by the joint trial because evidence exists against her co-defendant that is unrelated to her and because her co-defendant is more culpable than her. However, the Fifth Circuit has held that, "severance is required on the basis of a disparity in the evidence only in the most extreme cases." *United States v. Rocha*, 916 F.2d 219, 229 (5th Cir.1990). The fact that the co-defendant used the firearm on December 28, 2022, while she merely possessed the same firearms does not rise to the level of extreme prejudice. Moreover, evidence of the reputation or past crimes of a codefendant does not ordinarily justify severance. *See United States v. Howell*, 664 F.2d 101, 106 (5th Cir.1981), *cert. denied*, 455 U.S. 1005 (1982); *United States v. Ocanas*, 628 F.2d 353, 359 (5th Cir.1980), *cert. denied*, 451 U.S. 984 (1981); *United States v. Perez*, 489 F.2d 51, 67 (5th Cir.1973), *cert. denied*, 417 U.S. 945 (1974). Here, the fact that the co-defendant uses "harder drugs" than marihuana does not justify severance The government need only establish that each defendant is a habitual user of a controlled substance.

Similarly, the relationship between the defendants is not a sufficient basis for severance. The Fifth Circuit has held numerous times that the relationship between co-defendants does not require reversing the denial of a motion to sever. *See, e.g., United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir.2007) (concluding that the district court did not abuse its discretion when it denied a motion to sever filed by a defendant who was being tried with his twin brother); *United States v. Solis*, 299 F.3d 420, 441 (5th Cir.2002) (rejecting the defendant's argument that "he was convicted on guilt by association" because he was tried with his brother); *United States v. Bermea*, 30 F.3d 1539, 1572–73 (5th Cir.1994) (determining that the district court did not abuse its discretion by denying the appellant's motion to sever even though the appellant was tried with three family

members, one of whom pleaded guilty part way through the trial); *United States v. Partin*, 552 F.2d 621, 640–41 (5th Cir.1977) (affirming the denial of a motion to sever where the defendant was tried with his father-in-law and brother); *see also United States v. Lira*, 262 Fed.Appx. 653, 655 (5th Cir.2008) (unpublished) (holding that even if some of the evidence against the appellant's husband was not relevant to the case against her, the district court did not abuse its discretion by denying the appellant's motion to sever her case from her husband's case because "the district court instructed the jury to give separate consideration of the evidence as to each defendant").  The fact that the co-defendants are a married couple is insufficient to warrant reversing the district court's ruling.

This Court can craft a limiting instruction that cautions the jury to consider the evidence as to each defendant and requires the jury to consider each defendants' individual actions rather than their relationship. These are not overly complicated concepts to explain to a jury. Moreover, juries are presumed to follow the instructions given to them by the district court. *United States v. Tarango*, 396 F.3d 666, 677 (5th Cir. 2005) (citation omitted); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Because the less drastic measure of providing a limiting instruction can cure any risk of prejudice, the defendant's motion to sever should be denied.

**III.    Conclusion**

Based on the foregoing, the government respectfully requests that the Court deny the defendant's motion to sever.

Respectfully submitted this 22nd day of June, 2019.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By:    _____/s/_____
MICHELLE A. WINTERS
Assistant U.S. Attorney
New York Registration #5327473
700 E. San Antonio, Suite 200
El Paso, Texas  79901

(915) 534-6884